



## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> TOTAL ELEVATOR COMPANY and DELORES ESPOSITO, <br><br> Defendants. | : : : : : : : : : : : : : : : |

**18    5502**

CIVIL ACTION NO.

**FILED**
DEC 20 2018
KATE ...RMAN, Clerk
...Dep. Clerk

## COMPLAINT IN CONFESSION OF JUDGMENT

Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, by and through its undersigned counsel, hereby file this Complaint in Confession of Judgment against Defendants, Total Elevator Company and Delores Esposito, to collect the balance of a Settlement Agreement as the result of a breach of the terms thereof, and states:

### PARTIES

1.    The Plaintiffs are the Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds ("NEI Trust Funds"). The NEI Trust Funds are multi-employer employee benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and (37). The NEI Trust Funds are established and

7

maintained according to the provisions of Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendant. The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

2.       Upon information and belief, at all times relevant, Defendant, Total Elevator Company ("Total Elevator Company"), is a corporation existing under the laws of the state of Illinois with offices located at the last known address of 30W020 Estes Street, Naperville, Illinois 60563.

3.       Upon information and belief, at all times relevant, Defendant, Delores Esposito is an owner and officer of Total Elevator Company, and located at the last known address of 30W020 Estes Street, Naperville, Illinois 60563.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1132 and 1145.

5.       The Confession of Judgment authorizes the Plaintiffs to file this Complaint in this Court in the event of a default by the Defendants.

## BACKGROUND

6.       Total Elevator Company owed the Plaintiffs contributions and interest as a result of

8

its failure to pay reported contributions on behalf of its elevator constructor employees. Total

Elevator Company also owed the balance of a prior Judgment and settlement agreement, as well as

contributions and interest found due in a payroll audit.

7.      On or about January 17, 2018, the Defendants entered into a Confession of

Judgment and Settlement Agreement to resolve the contribution delinquencies. *Plaintiff's Exhibit*

*1*, Settlement Agreement; *Plaintiff's Exhibit 2*, Confession of Judgment.

8.      The Confession of Judgment includes language in paragraph 10 whereby the

Defendants, Total Elevator Company and Delores Esposito, acknowledge that if there is an event of

default, a Judgment can be entered against the Defendants in favor of Plaintiffs.    Paragraph 10

specifically provides:

> If there is any default by Total Elevator Company and/or Delores Esposito in the
> payment of the said Settlement Agreement payments, the Judgment amounts in
> Civil Action No. 16-4950, and/or the Confession of Judgment amounts, and/or in
> the payment of the regular monthly contributions, or the failure of Total Elevator
> Company and Delores Esposito to abide by the terms of the attached Settlement
> Agreement, the entire balance due from said Defendants to the Plaintiff Funds
> shall immediately become due and payable by Total Elevator Company and
> Delores Esposito. Upon affidavit of the Plaintiffs of such default, a judgment in
> the full amount due, along with compliance with any outstanding obligations, may
> be entered immediately and shall be enforceable as a judgment against Total
> Elevator Company and Delores Esposito. The parties stipulate and agree that if
> there is an event of default by Total Elevator Company, or Delores Esposito and
> the Trustees give notice of non-payment to the Defendants or its attorney and
> Defendants fail to make any required payment and do not cure the breach within
> five (5) calendar days of the mailing, upon the filing of an affidavit of non-
> payment and/or noncompliance, Defendants shall not contest and this Court shall
> render a Final Judgment for the Confession of Judgment amounts in favor of the
> Trustees against the Defendants for Thirty-Eight Thousand Four Hundred Fifty
> dollars and Zero Cents ($38,450.00), plus the "to Be Determined" amounts set forth
> above, less any payments that have been made by Defendants to the NEI Plans,
> plus the costs and any attorney's fees incurred in obtaining the Judgment, plus the
> "to be determined" amounts. In the event that the Trustees right to file an affidavit
> of non-payment is triggered by Defendants' non-payment, the Trustees shall also

be entitled to recover its attorney's fees and costs incurred in obtaining Final
Judgment against Defendants, as well as any additional accrued interest. Total
Elevator Company and Delores Esposito, collectively and individually, waive the
right or opportunity to be heard prior to the entry of the judgment by this
Confession on the records of a court.

*Plaintiff's Exhibit 1*, Settlement Agreement; *Plaintiff's Exhibit 2*, Confession of Judgment.

9.     The Defendants are in default under the terms of the Confession of Judgment by

their failure to timely submit the regular monthly contributions for the months July. August,

September and October 2018. *Plaintiff's Exhibit 3*, Miscellaneous Assessment Report; *Plaintiff's*

*Exhibit 4*, Affidavit of Robert Betts, ¶ 4.

10.     The Defendants are in default under the terms of the Settlement Agreement by their

failure to submit the regular monthly contributions when due, and as a result, the following amounts

are due:

| | |
|---|---|
| Contributions for October-December 2017 | $11,381.03 |
| Liquidated Damages on | |
| October-December 2017 contributions | $2,276.20 |
| Interest for late payment of contributions for | |
| August to November 2017 | $398.71 |
| Additional accrued interest on audit | |
| of March 1, 2014 to September 30, 2015 | $1,356.58 |
| Local Counsel Attorney's Fees and Costs | $2,000.00 |
| Interest for late remittance of Elective | |
| Deferrals for 2/16, 3/16, 8/16 | $812.63 |
| Additional Audit accrued interest | $59.95 |
| Additional Accrued Interest | $649.88 |
| Attorney's Fees | $1,201.50 |
| Costs | $400.00 |
| The total amount due is | $20,536.48 |

*Plaintiff's Exhibit 3*, Miscellaneous Assessment Report; *Plaintiff's Exhibit 4*, Affidavit of Robert

Betts.  Interest continues to accrue on the unpaid Settlement Agreement balance.

11.     The Confession of Judgment provides that in the event of a breach and the Plaintiffs

file this action to enforce the Confession of Judgment, the Plaintiffs are entitled to recover attorney's fees and costs. *Plaintiff's Exhibit 1*, Settlement Agreement; *Plaintiff's Exhibit 2*, Confession of Judgment. The firm has firm expended 4.50 hours in the above captioned case on behalf of Plaintiffs, which included the preparation of the Complaint in Confession of Judgment and all the documents and Exhibits attached thereto. *Plaintiff's Exhibit 5*, Attorney's Fees. O'Donoghue & O'Donoghue LLP has negotiated a fee of $267.00 per hour (attorney time) with its client, the Trustees of the National Elevator Industry Pension, Health Benefit and Educational Funds for the performance of this type of legal representation. The amount due in attorney's fees is $1,201.50. *Plaintiff's Exhibit 5*, Attorney's Fees. In addition, the Plaintiffs expended $400.00 in the filing of this action.

12. Defendants are liable to the Plaintiffs under the Judgment by Confession for all of the amounts owing the Plaintiffs by the Defendants.

13. Plaintiffs have notified the Defendants of the breach of the terms of the Settlement Agreement, but Defendants have failed to correct the breach, which constitutes an event of default under the terms of the Settlement Agreement.

14. Defendants are liable to Plaintiffs under the Judgment by Confession for all of Plaintiffs' ongoing attorney's fees incurred in enforcing Defendants' obligations under the Confession of Judgment and Judgment by Confession.

15. The Judgment to be entered does not involve a loan defined as a "consumer credit transaction" in accordance with Annex. A to Title 231, Chapter 2950, Rule 295 1(a)(2).

16. The Confession of Judgment and Judgment by Confession arose out of a business

11

transaction and were not entered into for personal, family or household purposes. The Confession of Judgment and Judgment by Confession do not arise out of a retail installment sale, contract or account as defined under the Goods and Services Installment Sales Act, 69 P.S. §1101, *et seq.*

17.     The Judgment by Confession is not being entered against natural persons in connection with a consumer credit transaction. The Judgment by Confession is not being entered in connection with a residential lease.

18.     Neither the Confession of Judgment nor the Judgment by Confession have been assigned and Plaintiffs are the current holder thereof.

19.     Judgment has not been entered on the Judgment by Confession or the Confession of Judgment in any other jurisdiction.

20.     The Judgment by Confession is less than twenty years old and no application for a court order granting leave to enter judgment after notice is required.

21.     Upon information and belief, the Defendants are not a member of the military.

WHEREFORE, Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, demand Judgment against Defendants, Total Elevator Company and Delores Esposito, jointly and severally, in the total sum of $20,536.48.

Respectfully submitted,

DATE:  December 18, 2018                    **O'DONOGHUE & O'DONOGHUE LLP**
                                            Constitution Place, Suite 515
                                            325 Chestnut Street
                                            Philadelphia, PA  19106
                                            Telephone (215) 629-4970
                                            Facsimile (215) 629-4996
                                            By:     AK4554
                                                    Andrew Kelser

12

Attorney I.D. No. 314865

By:    <u>DDC3946</u>
        David D. Capuano
        Attorney I.D. No. 70238
        Attorneys for Plaintiffs

13

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint in Judgment by Confession, and attachments, has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 18th day of December 2018 on the following:

> Secretary of the Treasury
> 15th. and Pennsylvania Ave., N.W.
> Washington, DC  20220
> ATTN: Employee Plans
> Internal Revenue Service

> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTN: Assistant Solicitor
> for Plan Benefits Security

> s/ David D. Capuano
> David D. Capuano

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : | |
| INDUSTRY PENSION, HEALTH BENEFIT, | : | |
| EDUCATIONAL, ELEVATOR INDUSTRY | : | |
| WORK PRESERVATION FUNDS, ELEVATOR | : | |
| CONSTRUCTORS ANNUITY AND | : | |
| 401(K) RETIREMENT PLAN, | : | |
|              Plaintiffs, | : | |
|        v. | : | CIVIL ACTION NO. |
| TOTAL ELEVATOR COMPANY | : | |
| and | : | |
| DELORES ESPOSITO, | : | |
|              Defendants. | : | |

### CONFESSION OF JUDGMENT

Pursuant to the authority contained in the Confession of Judgment, a copy of which is attached to the Complaint in Confession of Judgment filed in this action as Exhibit 2, I appear for the Defendants, Total Elevator Company and Delores Esposito, and confess judgment in favor of the Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, and against Defendants, Total Elevator Company and Delores Esposito as follows:

| | |
|---|---|
| Contributions for October-December 2017 | $11,381.03 |
| Liquidated Damages on | |
| October-December 2017 contributions | $2,276.20 |
| Interest for late payment of contributions for | |
| August to November 2017 | $398.71 |
| Additional accrued interest on audit | |
| of March 1, 2014 to September 30, 2015 | $1,356.58 |
| Local Counsel Attorney's Fees and Costs | $2,000.00 |
| Interest for late remittance of Elective | |
| Deferrals for 2/16, 3/16, 8/16 | $812.63 |

15

| Additional Audit accrued interest | $59.95 |
| Additional Accrued Interest | $649.88 |
| Attorney's Fees | $1,201.50 |
| Costs | $400.00 |
| The total amount due is | $20,536.48 |

Respectfully submitted,

DATE: December 18, 2018        **O'DONOGHUE & O'DONOGHUE LLP**

Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

By:    AK4554
       Andrew Kelser
       Attorney I.D. No. 314865

By:    DDC3946
       David D. Capuano
       Attorney I.D. No. 70238
       Attorneys for Plaintiffs

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : | |
| INDUSTRY PENSION, HEALTH BENEFIT, | : | |
| EDUCATIONAL, ELEVATOR INDUSTRY | : | |
| WORK PRESERVATION FUNDS, ELEVATOR | : | |
| CONSTRUCTORS ANNUITY AND | : | |
| 401(K) RETIREMENT PLAN, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| TOTAL ELEVATOR COMPANY | : | |
| and | : | |
| DELORES ESPOSITO, | : | |
| Defendants. | : | |

**ASSESSMENT OF DAMAGES**

TO THE PROTHONOTARY:

You are hereby directed to assess damages in favor of Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, and against Defendants, Total Elevator Company and Delores Esposito as follows:

| | |
|---|---|
| Contributions for October-December 2017 | $11,381.03 |
| Liquidated Damages on | |
| October-December 2017 contributions | $2,276.20 |
| Interest for late payment of contributions for | |
| August to November 2017 | $398.71 |
| Additional accrued interest on audit | |
| of March 1, 2014 to September 30, 2015 | $1,356.58 |
| Local Counsel Attorney's Fees and Costs | $2,000.00 |
| Interest for late remittance of Elective | |
| Deferrals for 2/16, 3/16, 8/16 | $812.63 |
| Additional Audit accrued interest | $59.95 |
| Additional Accrued Interest | $649.88 |
| Attorney's Fees | $1,201.50 |

17

| Costs | $400.00 |
|---|---|
| The total amount due is | $20,536.48 |

FOR A JUDGMENT in the amount of $20,536.48.

Respectfully submitted,

DATE:  December 18, 2018       **O'DONOGHUE & O'DONOGHUE LLP**

Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

By:   AK4554
       Andrew Kelser
       Attorney I.D. No. 314865

By:   DDC3946
       David D. Capuano
       Attorney I.D. No. 70238
       Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : |
| INDUSTRY PENSION, HEALTH BENEFIT, | : |
| EDUCATIONAL, ELEVATOR INDUSTRY | : |
| WORK PRESERVATION FUNDS, ELEVATOR | : |
| CONSTRUCTORS ANNUITY AND | : |
| 401(K) RETIREMENT PLAN, | : |
| Plaintiffs, | : |
| v. | :    CIVIL ACTION NO. |
| TOTAL ELEVATOR COMPANY | : |
| and | : |
| DELORES ESPOSITO, | : |
| Defendants. | : |

## CERTIFICATION OF ADDRESSES

David D. Capuano, Esq., certifies to the best of his knowledge, information and belief that

the address of the Plaintiff Funds is 19 Campus Blvd., Suite 200, Newtown Square, PA 19073; the

last known address of Defendant Total Elevator Company is 30W020 Estes Street, Naperville,

Illinois 60563 and Defendant Delores Esposito is 30W020 Estes Street, Naperville, Illinois 60563.

Respectfully submitted,

DATE: December 18, 2018      **O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

By:     DDC3946
David D. Capuano
Attorney I.D. No. 70238
Attorneys for Plaintiffs

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : | |
| INDUSTRY PENSION, HEALTH BENEFIT, | : | |
| EDUCATIONAL, ELEVATOR INDUSTRY | : | |
| WORK PRESERVATION FUNDS, ELEVATOR | : | |
| CONSTRUCTORS ANNUITY AND | : | |
| 401(K) RETIREMENT PLAN, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| TOTAL ELEVATOR COMPANY | : | |
| and | : | |
| DELORES ESPOSITO, | : | |
| Defendants. | : | |

**NOTICE OF RIGHT TO RECOVER ATTORNEY FEES**
**AND COSTS AND PROCEDURE TO**
**FOLLOW TO STRIKE OR OPEN A CONFESSED JUDGMENT**

TO:    Total Elevator Company
       30W020 Estes Street
       Naperville, IL 60563

       Delores Esposito
       30W020 Estes Street
       Naperville, IL 60563

A judgment in the amount of $20,536.48, related to the Confession of Judgment and Settlement Agreement owed to the Plaintiffs, has been entered against you and in favor of the Plaintiffs without any notice of prior hearing based on a Judgment by Confession contained in a written agreement or other document allegedly signed by you. The U.S. Marshall or Sheriff may take your property or money to satisfy this judgment at any time after thirty (30) days after this notice has been served on you.

You may have legal rights to defeat the judgment or to prevent your property or money from being taken. YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

Pursuant to 42 Pa.C.S.A. 2737.1 you are hereby notified that a debtor who has been incorrectly identified and had a confession of judgment entered against him shall be entitled to costs and reasonable attorney's fees as determined by the Court.

20

Pursuant to 42 Pa.C.S.A. 2737.1 you are hereby notified of the instructions regarding the procedure to follow to strike off or open a confessed judgment under Pennsylvania Rule of Civil Procedure 2959, which is reproduced in full on the following page.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
1101 Market Street, 11th Fl
Philadelphia, PA 19107
(215) 238-6300

Respectfully submitted,

DATE: December 18, 2018                    **O'DONOGHUE & O'DONOGHUE LLP**
                                           Constitution Place, Suite 515
                                           325 Chestnut Street
                                           Philadelphia, PA  19106
                                           Telephone (215) 629-4970
                                           Facsimile (215) 629-4996

                                           By:    AK4554
                                                  Andrew Kelser
                                                  Attorney I.D. No. 314865

                                           By:    DDC3946
                                                  David D. Capuano
                                                  Attorney I.D. No. 70238
                                                  Attorneys for Plaintiffs

Pennsylvania Rule of Civil Procedure 2959
Striking Off or Opening Judgment; Pleadings; Procedure

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only

(i) in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and

(ii) as provided by Rule 2958.3 or Rule 2973.3.

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.

(c) A party waives all defenses and objections which are not included in the petition or answer.

(d) The petition and the rule to show cause and the answer shall be served as provided in Rule 440.

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

(g) (1) A judgment shall not be stricken or opened because of a creditor's failure to provide a debtor with instructions imposed by an existing statute, if any, regarding procedures to follow to strike a judgment or regarding any rights available to an incorrectly identified debtor.

(2) Subdivision (g)(1) shall apply to (1) judgments entered prior to the effective date of subdivision (g)[1] which have not been stricken or opened as of the effective date and (2) judgments entered on or after the effective date.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TRUSTEES OF THE NATIONAL ELEVATOR : 
INDUSTRY PENSION, HEALTH BENEFIT, : 
EDUCATIONAL, ELEVATOR INDUSTRY : 
WORK PRESERVATION FUNDS, ELEVATOR : 
CONSTRUCTORS ANNUITY AND : 
401(K) RETIREMENT PLAN, : 
                         Plaintiffs, : 
           v. :      CIVIL ACTION NO.
TOTAL ELEVATOR COMPANY : 
and : 
DELORES ESPOSITO, : 
                      Defendants. : 

**COMPLAINT IN CONFESSION OF JUDGMENT**

# EXHIBIT 1

<u>SETTLEMENT AGREEMENT</u>

PARTIES:  Trustees of the National Elevator Industry Pension Plan, National
Elevator Industry Health Benefit Plan, National Elevator Industry
Educational Program, Elevator Industry Work Preservation Funds,
Elevator Constructors Annuity and 401(k) Retirement Plan ("NEI")
19 Campus Blvd., Suite 200
Newtown Square, PA 19073-3228

Total Elevator Company
30W020 Estes Street
Naperville, IL 60563

Delores Esposito
30W020 Estes Street
Naperville, IL 60563

THIS SETTLEMENT AGREEMENT is entered into this 17th day of January

2018 between Total Elevator Company ("Total Elevator"), located at 30W020 Estes

Street, Naperville, IL 60563, Delores Esposito, 30W020 Estes Street, Naperville, IL

60563, and the Trustees of the National Elevator Industry Pension Plan, National

Elevator Industry Health Benefit Plan, National Elevator Industry Educational Program,

Elevator Industry Work Preservation Funds and Elevator Constructors Annuity and

401(k) Retirement Plan ("National Elevator Industry Benefit Plans" or "NEI"), located at

19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

Any reference in this Agreement to Total Elevator and/or Delores Esposito is also

a collective reference to "Total Elevator Company and Delores Esposito."

Total Elevator acknowledges that it owes the following amounts:

Total Elevator's Initials

Delores Esposito's Initials

| | |
|---|---|
| Judgment balance in Civil Action No. 16-4950 | $11,925.43 |
| Contributions for October, November and December 2017 | $28,568.40 |
| Interest for late payment of contributions for 8-12/17 | $398.71 |
| Additional accrued interest on audit of March 1, 2014 to September 30, 2015 | $1,356.58 |
| Local Attorney's Fees and Costs | $2,000.00 |
| Interest for late remittance of Elective Deferrals for 2/16, 3/16, 8/16 | $812.63 |
| Attorney's Fees | TBD |
| Costs | TBD |
| The total amount due is | $45,061.75 + TBD amounts |

NEI filed a lawsuit in the Federal District Court for the Eastern District of Pennsylvania, Civil Action No. 16-4950 to collect delinquent monthly contributions, amounts found due in a payroll audit for the period of March 1, 2014 to September 30, 2015, liquidated damages, interest, audit fees, attorney's fees and costs. Total Elevator did not respond to the lawsuit and the Court entered an Order and Judgment on January 13, 2017 in the amount of $52,882.79 for unpaid payroll audit contributions and interest, interest for late payment of elective deferrals, audit fees, liquidated damages, attorney's fees and costs. The parties entered into a prior Settlement Agreement to pay the Judgment amounts, but Total Elevator has breached that Settlement Agreement.

Total Elevator owes $11,925.43 for the Judgment balance. Total Elevator also owes $28,568.40 in contributions for October, November and December 2017, $398.71 in interest for the late payment of contributions, $1,356.58 in additional audit interest, $2,000.00 in attorney's fees and costs for local counsel's registration and collection efforts for the Judgment, and an additional $812.63 in interest for the late remittance of elective deferrals. Total Elevator would like pay the amounts due and avoid collections,

Total Elevator's Initials

Delores Esposito's Initials

and as such agrees to pay the balance of the Judgment amounts and the additional contributions and interest in this Settlement Agreement and the amounts due in the attached Confession of Judgment.   Total Elevator will also execute the attached Confession of Judgment in order to resolve the amounts not included in the January 13, 2017 Judgment, to include, among others, the payment of the outstanding contributions and interest for October through December 2017, additional audit accrued interest, interest for the late remittance of elective deferrals, interest and the fees and costs expended by local counsel in its collection efforts.

**WHEREAS**, Total Elevator would like to resolve the Judgment amounts, the current contributions and interest delinquencies and the payroll audit delinquencies with the National Elevator Industry Benefit Plans. Total Elevator agrees to pay these amounts as well as the outstanding contributions and interest. See Paragraph 9.

Total Elevator agrees to pay these amounts as part of the Settlement Agreement.

As a result of Total Elevator's monthly contribution delinquencies, the health benefit coverage of its employees was terminated effective December 31, 2017.  The Trustees have agreed to reinstate the health coverage as part of this Settlement Agreement only upon the execution and receipt by the NEI Benefit Plans of this Settlement Agreement, the Confession of Judgment, and the payment and clearance of the good faith payment.  Total Elevator acknowledges that if any of the regular monthly benefit contribution payments or any Settlement Agreement payment are paid late or not paid, or the regular monthly report forms are not submitted when due, or Total Elevator otherwise breaches this Settlement Agreement, the health coverage of the employees of

Total Elevator's Initials

Delores Esposito's Initials

Total Elevator, if and when reinstated, will immediately be terminated and not reinstated

for the balance of the period of the Agreement, or until all amounts then due are paid, or

the breach is otherwise cured.

      **WHEREAS,** Total Elevator and the Trustees of the NEI Benefit Plans would like

to settle this matter without continued litigation, and;

      In consideration of Total Elevator's contractual obligation to NEI, Total Elevator

agrees as follows:

      1.     On or before execution of the Settlement Agreement, Total Elevator will

submit a good faith payment of $5,000.00.

      2.     Following execution of the Settlement Agreement and the Confession of

Judgment, beginning February 15, 2018, Total Elevator will submit twenty (20)

consecutive monthly payments of $2,000.00 and then a twenty-first (21st) payment of

$61.75 on or before October 15, 2019, or until all amounts due are paid.  The final

payment, on or about October 15, 2019, will include the interest that has accrued during

the period of the Settlement Agreement at the IRS rate for the underpayment of taxes

towards the outstanding amounts. See Paragraph 9.  Total Elevator will call the NEI

Benefits office on or before October 10, 2019 to learn the additional accrued interest to

be paid with the final settlement agreement payment.  Each monthly payment, not

including the payment due on execution of the Agreement, will be received by counsel

for NEI on or before the 15th of each month beginning February 15, 2018.  Total Elevator

will submit monthly installments until all amounts due are paid.

      3.     Total Elevator can prepay the amounts due herein at any time without

Total Elevator's Initials

Delores Esposito's Initials

penalty.

4.      It is further agreed that if Total Elevator fails to make any of the above payments within five (5) business days from the due date, a five percent (5%) late fee will be assessed.

5.      If payments under this Agreement are not received on or before the due date, or Total Elevator fails to comply with its performance obligation, NEI's counsel will notify Total Elevator, either by mail, electronic mail or by facsimile and allow Total Elevator five (5) calendar days to cure such breach.

6.      If Total Elevator fails to cure any breach of this Agreement as specified in paragraph 5, NEI reserves the right to pursue enforcement of the balances due and obligations referenced herein even if Total Elevator submits payments/performs after the five (5) calendar day cure period.

7.      Total Elevator will execute the attached Affidavit of Confession of Judgment and immediately return the original signed Settlement Agreement and Affidavit of Confession of Judgment to counsel for NEI. Failure to do so constitutes a default of this Agreement.

8.      Total Elevator acknowledges that it will remain current with its monthly reporting and payment of benefit contributions to the NEI Benefit Plans. Total Elevator acknowledges that it is and continues to be bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator

Total Elevator's Initials

Delores Esposito's Initials

Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines"). The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

9.      The Trustees of the NEI Plans have agreed to waive the $7,897.11 in liquidated damages and $1,657.00 in audit fees awarded in Civil Action No. 16-4950 if and only if Total Elevator satisfies this Settlement Agreement by submitting all Settlement Agreement payments when due, reports and pays all monthly contributions during the period of the Settlement Agreement in a timely manner, and otherwise satisfies the terms of this Settlement Agreement, the Judgment in Civil Action 16-4950 and the Confession of Judgment. If one or any of these Settlement Agreement payments or monthly contribution payments is submitted late, or not submitted, or Total Elevator fails to timely report the hours for its employees, or Total Elevator fails to report and remit the missing deferrals as set forth herein, or Total Elevator otherwise breaches this Settlement Agreement, such that Total Elevator has breached the Agreement, these amounts are not waived and Total Elevator will pay these amounts as set forth herein.

10.     All payments made under this Agreement shall be submitted to NEI in care of O'Donoghue & O'Donoghue LLP, Constitution Place, Suite 515, 325 Chestnut Street, Philadelphia, PA 19106. Payments are due as specified above, and will be considered late if not received in the offices of O'Donoghue & O'Donoghue LLP on or before the due date.

11.     If Total Elevator breaches this Agreement by failing to satisfy its

Total Elevator's Initials

Delores Espotto's Initials

obligations as outlined herein, NEI reserves the right to pursue enforcement of the balances due, the other obligations detailed herein, without further notice, which may include filing the Confession of Judgment in the Federal District Court for the Eastern District of Pennsylvania or Illinois, and asking the court to award the Trustees all unpaid contributions and interest, as well as all attorney's fees, costs, interest, liquidated damages and any other fees and costs incurred as a result of the filing of the lawsuit or collections of the amounts due. NEI may also register the Judgment and commence collections. Failure to make any and all payments pursuant to this Agreement, and/or failure to submit the missing elective deferral report forms along with the corresponding deferrals, constitutes a default and all amounts are due. The health coverage of Total Elevator's employees will also be terminated upon a breach of this Agreement. NEI may also register the Judgment and pursue collections.

12.     Failing to pay regular monthly contributions as they become due, failing to submit the scheduled Settlement Agreement payments called for in this Agreement, failing to submit monthly contribution reports in a timely manner, failing to report and remitting any other elective deferrals, constitute a breach of the Agreement. If Total Elevator breaches this Settlement Agreement, the Judgment and/or the Confession of Judgment, any payments submitted thereafter will be applied first to the regular monthly contributions that are delinquent until all of those regular monthly contributions become current, and only then to the outstanding Settlement Agreement, Confession of Judgment and Judgment amounts.

Total Elevator's Initials

Delores Esposito's Initials

13.    On or before the 15th of each and every following month during the pendancy of this agreement, Total Elevator will submit a report form along with payment for the current monthly contributions. Total Elevator will submit these report forms and payments to counsel for NEI, O'Donoghue & O'Donoghue LLP. If a check for one of these payments does not clear the bank, is resubmitted and still does not clear, such occurrence constitutes a breach of this Agreement.

14.    NEI reserves the right to conduct an examination of Total Elevator's books and records upon reasonable notice and during normal business hours as provided in the Collective Bargaining Agreement and Agreements and Declarations of Trust of the Funds and collect any additional contributions found due and owing NEI as the result of such examination. Total Elevator will submit to the audit without delay, and will supply the auditor all requested information within ten (10) business days of any request for information. If any amounts are found due in the audit, Total Elevator will pay those amounts within thirty (30) days of receipt of the audit findings.

15.    It is further agreed that if at any time during the duration of this Agreement Total Elevator, or a portion thereof, is sold/transferred to new ownership, in any form, NEI will, without notice or demand, declare the entire principal amount of the above-acknowledged indebtedness, then unpaid, plus accrued interest thereon, along with any other contributions due and owing and/or unpaid, immediately due and payable. If Total Elevator is sold/transferred during the course of this Agreement, Total Elevator will so advise the purchaser/transferee of its obligations under this Agreement, and the purchaser/transferee will retain the balance due of this Agreement, along with any other

Total Elevator's Initials

Delores Esposito's Initials

contributions due and owing and/or unpaid, including any possible amounts owed in the payroll audit, from the sale price and pay that amount to the Trustees.

16.    It is further agreed that in the event Total Elevator defaults on this Agreement, Total Elevator hereby agrees to waive all laws governing the statute of limitations that are now or may hereinafter be in effect for any actions brought by NEI to collect the remaining principal amount, then unpaid, together with any additional amounts then due. In the event of a lawsuit or other collection activity to enforce the terms of the Agreement, Total Elevator promises to pay costs, attorney's fees, liquidated damages and any other related fees.

17.    If Total Elevator breaches this Agreement by failing to submit one of the regular monthly contribution payments, a Settlement Agreement payment, or otherwise breaches this Agreement as further detailed herein, the health coverage of Total Elevator's employees will immediately be terminated until all amounts then due, or any affirmative obligations, are paid and satisfied.

18.    Total Elevator certifies that it has remitted all Elective Contributions owed to the Elevator Constructors Annuity and 401(k) Retirement Fund due as of the date of this Settlement Agreement. In the event that all Elective Contributions owed to the Elevator Constructors Annuity and 401(k) Retirement Fund have not been reported and/or remitted as of the date of this Settlement Agreement, Total Elevator and its officers agree to report and remit said Elective Contributions immediately for any outstanding periods and acknowledge that they are liable for any and all liquidated damages, interest, and lost earnings resulting from the failure of Total Elevator to remit

Page 9/14
2018 Settlement Agreement
Civil Action No. 16-4950
Monthly Contributions

Total Elevator's Initials

Delores Esposito's Initials

all Elective Contributions due on or before the date of this Settlement Agreement. Total Elevator agrees to remit all future Elective Contributions owed to the Elevator Constructors Annuity and 401(k) Retirement Fund no later than seven (7) calendar days after the Elective Contributions are deducted from the wages of its employees.

19.    Upon the receipt and clearance of all amounts due in this Settlement Agreement, and upon receipt of a written request from Total Elevator, the Trustees will file a Satisfaction of Judgment with the Court, Civil Action No. 16-4950.

20.    The undersigned individual(s) or attorney(s) represent that they are authorized to settle this matter in accordance with the terms of this Agreement.

21.    The undersigned individual(s) is responsible for completing the company information form and if any of this information is to change, will forward a new form(s) detailing the changes to O'Donoghue & O'Donoghue LLP within five days from the date any change occurred.

22.    This Agreement shall be governed by the laws of the Commonwealth of Pennsylvania.

23.    Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected and the illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

24.    This Agreement sets forth the entire Agreement between NEI and Total Elevator with regard to the subject matter of this Agreement and supersedes any and all

Total Elevator's Initials

Delores Esposito's Initials

prior Agreements or understandings, written or oral, between the parties, with regard to that subject matter.

25.     Time is of the essence of this Agreement, and in all the terms, provisions, covenants and conditions hereof.

26.     If Total Elevator breaches this Agreement, in whatever form, and the Funds shall waive the same, or choose not to deem Total Elevator in default, such a waiver shall not be construed as a waiver of any other default because of any other default or breach, nor shall it be considered a waiver of or an election not to deem the Settlement Agreement in default because of a like default on another occasion.

27.     Total Elevator acknowledges that it has had the opportunity to consult with legal counsel in anticipation of the execution of this Settlement Agreement.

28.     Delores Esposito, an owner and officer of Total Elevator, acknowledges her status as a fiduciary regarding plan assets within the meaning of the Employee Retirement Income Security Act ("ERISA"), such that if the NEI Plans need to institute a lawsuit to collect the outstanding contributions, or otherwise pursue collections in this matter, she will be personally liable for any balance due in this Agreement as well as any additional amounts that become due. Delores Esposito acknowledges that she exercises discretionary authority and/or discretionary control respecting management of any plan assets, the amounts due and owing to the NEI Benefit Plans that are part of this Settlement Agreement as well as any additional amounts that become due and owing subsequent to the execution of this Agreement.

Delores Esposito's Initials _____

Total Elevator's Initials _____

Delores Esposito's Initials

29.    Title to all moneys paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, shall vest in and remain exclusively in the trustees of said funds, respectively, relating to the contributions due in this Settlement Agreement and any contributions that become due and owing subsequent to the execution of this Settlement Agreement.

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN

DATE: 1/18/18

By: _____

Title: Atty for NEI Funds

TOTAL ELEVATOR COMPANY

DATE: 1/17/18

By: Delores Esposito

Title: Owner
(print)

DELORES ESPOSITO

DATE: 1/17/18

By: Delores Esposito

Title: Owner
(print)

Total Elevator's Initials
Delores Esposito's Initials

# TOTAL ELEVATOR COMPANY

| COMPANY INFORMATION FORM |
| --- |

**Complete this form and return with the attached Settlement Agreement. Please type or print. *This form must be completed and attached to the back of the signed and dated Settlement Agreement.**

Corporate name of company: _Total Elevator Co._

Other names used by company: _____

Address: _30 W020 Estes St._
_Naperville, Ill._
_60563_

Telephone number: _630 791 9553_

Facsimile number: _630 791 9633_

Electronic Mail address: _E_ _____

Tax ID number: _____

I.U.E.C. Local number: _2_

Type of company: _X_ Elevator Company        ___ Construction Company

Attach a copy of the most recent Collective Bargaining Agreement with the I.U.E.C. or one of its locals.

Elevator industry start date: _12 / 27 / 2013_

State of Incorporation: _IL._

Company President: _Dolores Esposito_

Page 13/14
2018 Settlement Agreement
Civil Action No. 16-4950
Monthly Contributions

Total Elevator's Initials _____
Delores Esposito's Initials

Company Secretary: ~~Eileen Diebale~~ *Delores Esposito*

Company Treasurer: ~~DH~~ *Delores Esposito*

Company C.E.O.: *Delores Esposito*

Registered agent: *Delores Esposito*

Registered agent address: *30 W020 Estes St. Napervillle, IL. 60503*
*P.O. Box not acceptable, please provide street address.*

Share holders and
percentage of shares held
by each: *Self   100 % 0*

### If applicable:

Represented by counsel: _____ yes   X no

Firm name: _____

Attorney name: _____

Address: _____

_____

Phone number: _____

Facsimile number: _____

Name of person completing form _____
(print)

Signature _____    Date _____

Title _____

Total Elevator's Initials

Delores Esposito's Initials

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : | |
| INDUSTRY PENSION, HEALTH BENEFIT, | : | |
| EDUCATIONAL, ELEVATOR INDUSTRY | : | |
| WORK PRESERVATION FUNDS, ELEVATOR | : | |
| CONSTRUCTORS ANNUITY AND | : | |
| 401(K) RETIREMENT PLAN, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| TOTAL ELEVATOR COMPANY | : | |
| and | : | |
| DELORES ESPOSITO, | : | |
| Defendants. | : | |

**COMPLAINT IN CONFESSION OF JUDGMENT**

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRUSTEES OF THE NATIONAL ELEVATOR  :
INDUSTRY PENSION, HEALTH BENEFIT,  :
EDUCATIONAL, ELEVATOR INDUSTRY     :
WORK PRESERVATION FUNDS, ELEVATOR  :
CONSTRUCTORS ANNUITY AND           :
401(K) RETIREMENT PLAN,            :
          Plaintiffs,              :
                              :
          v.                :      CIVIL ACTION NO.
TOTAL ELEVATOR COMPANY             :
and                                :
DELORES ESPOSITO,                  :
          Defendants.              :

## AFFIDAVIT OF JUDGMENT BY CONFESSION
## OF TOTAL ELEVATOR COMPANY AND DELORES ESPOSITO

Total Elevator Company and Delores Esposito, being duly sworn, depose and say:

1.    Total Elevator Company's ("Total Elevator") principal place of business is

30W020 Estes Street, Naperville, IL 60563.

2.    Delores Esposito ("Esposito") is an owner of Total Elevator Company.

3.    Esposito's principal residence is 30W020 Estes Street, Naperville, IL 60563.

4.    Esposito is authorized by the ownership of Total Elevator Company to confess

judgment in favor of the Plaintiffs and against Total Elevator Company.

5.    Total Elevator Company and Delores Esposito confess judgment in this court in

favor of the Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit,

Total Elevator Company
2018 Affidavit of Confession of Judgment
Civil Action No. _____

Total Elevator's Initials

Delores Esposito's Initials

Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and

401(k) Retirement Plan (the "Trustees"), for the amounts set forth herein:

| | |
|---|---|
| Contributions for October-December 2017 | $28,568.40 |
| Liquidated Damages on | |
| October-December 2017 contributions | $5,313.68 |
| Interest for late payment of contributions for | |
| August to November 2017 | $398.71 |
| Additional accrued interest on audit | |
| of March 1, 2014 to September 30, 2015 | $1,356.58 |
| Local Counsel Attorney's Fees and Costs | $2,000.00 |
| Interest for late remittance of Elective | |
| Deferrals for 2/16, 3/16, 8/16 | $812.63 |
| Additional Audit accrued interest | TBD |
| Additional Accrued Interest | TBD |
| Attorney's Fees | TBD |
| Costs | TBD |

The total amount due is $38,450.00, plus the "to be determined" amounts

6.    Total Elevator Company and Delores Esposito hereby authorize the Trustees, their

respective members, officers, directors, employees, parents, subsidiaries, attorneys, affiliates,

successors or assigns to file this Affidavit of Confession of Judgment with the Clerk for the Eastern

District of Pennsylvania and/or any Federal District Court in Illinois to enter judgment for the sum

stated in Paragraph 5 against Total Elevator Company and Delores Esposito, less any payments

made.

7.    Total Elevator Company and Delores Esposito hereby authorize the Trustees, their

respective members, officers, directors, employees, parents, subsidiaries, attorneys, affiliates,

successors or assigns to enter an appearance on their behalf and to confess judgment in favor of

the Trustees.

8.    Total Elevator Company and Delores Esposito, jointly and severally, acknowledge

responsibility for payment to the NEI Benefit Funds for the amounts set forth herein and the

Total Elevator Company
2018 Affidavit of Confession of Judgment
Civil Action No. _____

Total Elevator's Initials

Delores Esposito's Initials

amounts due in Civil Action No. 16-4950, less any amounts paid on the date of default.

9.    Total Elevator Company and Delores Esposito agree to abide by the terms of the 2018 Settlement Agreement negotiated concurrently with this Confession of Judgment. The Settlement Agreement requires Total Elevator Company and Delores Esposito to make certain payments to satisfy the outstanding amounts set forth therein and the amounts in this Confession of Judgment and to perform certain affirmative obligations (i.e. report and remit elective deferrals and monthly contributions). If payments are made pursuant to the Settlement Agreement and the NEI Benefit Plans governing documents, that is the company has not breached the Settlement Agreement, this Confession of Judgment shall not be filed.

10.    If there is any default by Total Elevator Company and/or Delores Esposito in the payment of the said Settlement Agreement payments, the Judgment amounts in Civil Action No. 16-4950, and/or the Confession of Judgment amounts, and/or in the payment of the regular monthly contributions, or the failure of Total Elevator Company and Delores Esposito to abide by the terms of the attached Settlement Agreement, the entire balance due from said Defendants to the Plaintiff Funds shall immediately become due and payable by Total Elevator Company and Delores Esposito. Upon affidavit of the Plaintiffs of such default, a judgment in the full amount due, along with compliance with any outstanding obligations, may be entered immediately and shall be enforceable as a judgment against Total Elevator Company and Delores Esposito. The parties stipulate and agree that if there is an event of default by Total Elevator Company, or Delores Esposito and the Trustees give notice of non-payment to the Defendants or its attorney and Defendant(s) fails to make any required payment, and do not cure the breach within five (5) calendar days of the mailing of the notice, upon the filing of an affidavit of non-payment and/or

Total Elevator Company
2018 Affidavit of Confession of Judgment
Civil Action No. _____

Total Elevator's Initials

Delores Esposito's Initials

non-compliance Defendants shall not contest and this Court shall render a Final Judgment for the Confession of Judgment amounts in favor of the Trustees against the Defendants for Thirty Eight Thousand Four Hundred Fifty Dollars and Zero Cents ($38,450.00), plus the "To Be Determined" amounts set forth above, less any payments that have been made by Defendants to the NEI Plans, plus the costs and any attorney's fees incurred in obtaining the Judgment, plus the "to be determined" amounts. In the event that the Trustees right to file an affidavit of non-payment is triggered by Defendant's non-payment and/or non-compliance, the Trustees shall also be entitled to recover its attorney's fees and costs incurred in obtaining Final Judgment against Defendants, as well as any additional accrued interest. Total Elevator Company and Delores Esposito, collectively and individually, waive the right or opportunity to be heard prior to the entry of the judgment by this Confession on the records of a court.

11. Total Elevator Company and Delores Esposito acknowledge their obligation to make the payments and perform certain actions as delineated in the Settlement Agreement and this Confession of Judgment in accordance with the terms and conditions delineated herein and in the Settlement Agreement and this Confession of Judgment. The NEI Plans agree to accept this payment of Thirty Eight Thousand Four Hundred Fifty Dollars and Zero Cents ($38,450.00), plus the "To Be Determined" amounts set forth above (the "Settlement Payment") and attorney's fees and costs to resolve the to be filed Confession of Judgment lawsuit.

12. Upon receipt and clearance of the final payment of the amounts due in this Confession of Judgment, and upon receipt of a written request submitted by Total Elevator and Delores Esposito, the Plaintiffs will provide Total Elevator Company and Delores Esposito an acknowledgement that all amounts due in this Confession of Judgment have been paid. The

Total Elevator Company
2018 Affidavit of Confession of Judgment
Civil Action No. ____ .

Total Elevator's Initials

Delores Esposito's Initials

Plaintiffs will also return the Affidavit of Confession of Judgment to Total Elevator Company and Delores Esposito.

13.  This Confession of Judgment shall be filed with the Court in an action to be filed upon default by Total Elevator Company and/or Delores Esposito.

14.  The person(s) signing this Confession of Judgment warrants and represents that they possess full authority to bind the persons on whose behalf they are signing.

15.  The Judgment to be entered does not involve a loan defined as a "consumer credit transaction" in accordance with Annex A to Title 231, Chapter 2950, Rule 295 1(a)(2).

16.  The Settlement Agreement and Confession of Judgment do not arise out of a retail installment sale, contract or account as defined under the Goods and Services Installment Sales Act, 69 P.S. §1101, *et seq.*

17.  The Confession of Judgment is not being entered against natural persons in connection with a consumer credit transaction. The Confession of Judgment is not being entered in connection with a residential lease.

18.  Total Elevator Company and Delores Esposito acknowledge that neither are members of the military.

19.  This Confession of Judgment, and the Settlement Agreement may be executed in any number of counterparts, each of which shall be an original and all of which shall together constitute one and the same instrument.

20.  Facsimile and email versions shall have the same force and effect as originals.

21.  Only the signatures of the parties appear on the following page.

Total Elevator Company
2018 Affidavit of Confession of Judgment
Civil Action No. _____

Total Elevator's Initials

Delores Esposito's Initials

**TOTAL ELEVATOR COMPANY**
By: _Delores Esposito_   Date: _1/17/18_
Title: _owner_
State of _IL._ )
) ss:
County of _DuPage_

I, Delores Esposito for Total Elevator Company, having read the foregoing AFFIDAVIT and CONFESSION OF JUDGMENT, certify under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure that the statements set forth in the foregoing AFFIDAVIT AND CONFESSION OF JUDGMENT are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as set forth that she verily believes the same to be true. I understand that the foregoing statements are made subject to penalties for perjury pertaining to making false statements to authorities.

_Delores Esposito_                                    Dated: _1/17/18_
Delores Esposito for Total Elevator Company

SIGNED and SWORN to before me on _____ (date) by _____ (name/s of person/s making statement).

_____
Notary Public

**DELORES ESPOSITO**
By: _Delores Esposito_   Date: _1/17/18_

State of _IL_ )
) ss:
County of _DuPage_
I, Delores Esposito, having read the foregoing AFFIDAVIT and CONFESSION OF JUDGMENT, certify under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure that the statements set forth in the foregoing AFFIDAVIT AND CONFESSION OF JUDGMENT are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as set forth that she verily believes the same to be true. I understand that the foregoing statements are made subject to penalties for perjury pertaining to making false statements to authorities.

_Delores Esposito_                                    Dated: _1/17/18_
Delores Esposito

SIGNED and SWORN to before me on _17^{Th}_ (date) by _Delores Esposto_ (name/s of person/s making statement).
_Garrett Danton Lo_
Notary Public

Total Elevator Company
2018 Affidavit of Confession of Judgment
Civil Action No. _____

```
Official Seal
Garrett Danton Lam
Notary Public State of Illinois
My Commission Expires 08/11/2021
```

Total Elevator's Initials

Delores Esposito's Initials

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : | |
| INDUSTRY PENSION, HEALTH BENEFIT, | : | |
| EDUCATIONAL, ELEVATOR INDUSTRY | : | |
| WORK PRESERVATION FUNDS, ELEVATOR | : | |
| CONSTRUCTORS ANNUITY AND | : | |
| 401(K) RETIREMENT PLAN, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| TOTAL ELEVATOR COMPANY | : | |
| and | : | |
| DELORES ESPOSITO, | : | |
| Defendants. | : | |

**COMPLAINT IN CONFESSION OF JUDGMENT**

# EXHIBIT 3

```
12.24.20 Nov 30 2018        M I S C E L L A N E O U S   A S S E S S M E N T S   R E P O R T              PAGE 1

EMPLOYER                        (S/L/A=ALL): S      3259-0001
RECEIVED FROM DATE                          :
RECEIVED THRU DATE                          :
ASSESSMENT PAYMENT DEPOSIT FROM             :
ASSESSMENT PAYMENT DEPOSIT THRU             :
OPEN, CLOSED              (O,C,<CR>=ALL): O
BALANCE ASOF DATE                       : 11/30/2018
REPORT, STATEMENT, BOTH         (R/S/B): R


                          ASMT
GROUP     FUND     CONTRACT TYPE     AREA      EMPLOYER
--------  -------- -------- -------- --------- ---------
          HO
          PO
          CHW
          BHW
```

```
12.24:20 Nov 30 2018        M I S C E L L A N E O U S   A S S E S S M E N T S   R E P O R T              PAGE 2

3259-0001 - TOTAL ELEVATOR CO                                                            Zone  :
Tax ID:                                                                                  Local : 0002
                                                Interest Stop Date:                      Region: R1
30W020 ESTES ST                                 Interest Start Date:                     Last Audit Dates :
NAPERVILLE, IL         60563-9605                                                        From 03/01/2014 to 09/30/2015
```

| Period | Received | Remit. Type | AsmtType | Refno | Asmt Amount | Interest | Payment Date | Payment Amount | Payment Check # | Ind | Sts | Balance |
|--------|----------|-------------|----------|-------|-------------|----------|--------------|----------------|-----------------|-----|-----|---------|
| 09/2015 | 07/07/2016 | AUDIT FEE | AF | HS7155 | 1657.00 | | | | | AF | O | 1657.00 |
| 09/2015 | 07/07/2016 | AUDIT REPORT | A | HZ7272 | 9104.24 | 263.40 | 07/07/2016 | 0.00 | | A | O | 263.40 |
| | | | | | | | 05/08/2017 | 9104.24 | 2020 | A | | |
| 09/2015 | 07/07/2016 | AUDIT REPORT | A | HZ7276 | 15408.84 | 664.51 | 07/07/2016 | 0.00 | | A | O | 664.51 |
| | | | | | | | 05/08/2017 | 153.78 | 2020 | A | | |
| | | | | | | | 05/30/2017 | 2500.00 | 2061 | A | | |
| | | | | | | | 08/01/2017 | 2500.00 | 2227 | A | | |
| | | | | | | | 08/14/2017 | 2500.00 | 2247 | A | | |
| | | | | | | | 09/21/2017 | 2500.00 | 2399 | A | | |
| | | | | | | | 10/23/2017 | 2500.00 | 1023 | A | | |
| | | | | | | | 11/06/2017 | 2500.00 | W6531 | A | | |
| | | | | | | | 12/08/2017 | 255.06 | 2500 | A | | |
| 09/2015 | 07/07/2016 | AUDIT REPORT | A | HZ7278 | 14972.45 | 488.62 | 07/07/2016 | 0.00 | | A | O | 488.62 |
| | | | | | | | 05/08/2017 | 10227.51 | 2020 | A | | |
| | | | | | | | 05/08/2017 | 2500.00 | 2020 | A | | |
| | | | | | | | 12/08/2017 | 2244.94 | 2500 | A | | |
| 09/2015 | 07/07/2016 | AUDIT SIMPLE IN | ASI | HZ7279 | 856.42 | | 05/08/2017 | 823.74 | 2020 | ASI | O | 32.68 |
| 09/2015 | 07/07/2016 | AUDIT SIMPLE IN | ASI | HZ7280 | 543.64 | | | | | ASI | O | 543.64 |
| 09/2015 | 01/13/2017 | SETTLE AGREEMEN | SAL | JF9206 | 7897.11 | | | | | SAL | O | 7897.11 |
| 09/2015 | 01/13/2017 | SETTLE AGREEMEN | SAT | JF9207 | 1795.00 | | | | | SAT | O | 1795.00 |
| 10/2017 | 01/18/2018 | SETTLEMENT CONT | SCA | JG4622 | 9639.84 | 35.87 | 01/10/2018 | 1687.37 | W45916 | SCA | O | 35.87 |
| | | | | | | | 01/17/2018 | 2500.00 | W3431 | SCA | | |
| | | | | | | | 02/06/2018 | 2000.00 | W17095 | SCA | | |
| | | | | | | | 03/01/2018 | 2000.00 | 4516 | SCA | | |
| | | | | | | | 04/02/2018 | 1452.47 | 2744 | SCA | | |
| 11/2017 | 01/18/2018 | SETTLEMENT CONT | SCA | JG4624 | 10246.32 | 235.71 | 04/02/2018 | 547.53 | 2744 | SCA | O | 235.71 |
| | | | | | | | 05/03/2018 | 2500.00 | W5169 | SCA | | |
| | | | | | | | 06/01/2018 | 2500.00 | W5102 | SCA | | |
| | | | | | | | 07/09/2018 | 2000.00 | W5641 | SCA | | |
| | | | | | | | 10/02/2018 | 2000.00 | W9432 | SCA | | |
| | | | | | | | 11/05/2018 | 698.79 | W26107 | SCA | | |
| 12/2017 | 01/18/2018 | SETTLEMENT CONT | SCA | JG4625 | 8682.24 | 378.30 | 11/05/2018 | 1301.21 | W26107 | SCA | O | 7759.33 |
| 12/2017 | 01/18/2018 | SETTLE AGREEMEN | SAI | JG4626 | 398.71 | | | | | SAI | O | 398.71 |
| 12/2017 | 01/18/2018 | SETTLE AGREEMEN | SAT | JG4627 | 2000.00 | | | | | SAT | O | 2000.00 |
| 01/2018 | 02/28/2018 | CONTRIBUTIONS | CC | JH1257 | 5451.60 | 18.87 | 02/28/2018 | 0.00 | | CC | O | 18.87 |
| | | | | | | | 03/01/2018 | 7451.60 | 4516 | CC | | |
| | | | | | | | 03/01/2018 | -2000.00 | 4516 | CC | | |
| 02/2018 | 03/30/2018 | CONTRIBUTIONS | CC | JH7237 | 14768.88 | 50.91 | 03/30/2018 | 0.00 | | CC | O | 50.91 |
| | | | | | | | 04/04/2018 | 14768.88 | 2746 | CC | | |

| 03/2018 | 05/30/2018 | CONTRIBUTIONS | CC | JJ9567 | 6971.44 | 70.33 | 05/30/2018 | 0.00 | | CC | O | 70.33 |
| | | | | | | | 06/12/2018 | 4471.44 | W3192 | CC | | |
| | | | | | | | 06/20/2018 | 2500.00 | W16435 | CC | | |
| 04/2018 | 05/30/2018 | CONTRIBUTIONS | CC | JJ9566 | 5451.60 | 46.47 | 05/30/2018 | 0.00 | | CC | O | 46.47 |
| | | | | | | | 06/26/2018 | 5451.60 | W5948 | CC | | |
| 04/2018 | 06/13/2018 | CONTRIBUTIONS | CC | JK0515 | 2643.20 | 22.52 | 06/13/2018 | 0.00 | | CC | O | 22.52 |
| | | | | | | | 06/20/2018 | 2500.00 | W16435 | CC | | |
| | | | | | | | 06/26/2018 | 143.20 | W5948 | CC | | |
| 05/2018 | 07/31/2018 | CONTRIBUTIONS | CC | JL3274 | 8953.84 | 76.02 | 07/23/2018 | 8953.84 | W14982 | CC | O | 76.02 |
| | | | | | | | 07/31/2018 | 0.00 | | CC | | |

```
12:24 20 Nov 30 2018          M I S C E L L A N E O U S   A S S E S S M E N T S   R E P O R T              PAGE 3

3259-0001 - TOTAL ELEVATOR CO                                                  Zone  :
Tax ID:  [          ]                                                          Local : 0002
                                           Interest Stop Date:                 Region: R1
30W020 ESTES ST                            Interest Start Date:                Last Audit Dates :
NAPERVILLE, IL          60563-9605                                             From 03/01/2014 to 09/30/2015

                                               Asmt                Payment    Payment   Payment
Period  Received   Remit. Type   AsmtType Refno Amount   Interest  Date       Amount    Check #     Ind  Sts  Balance
-------  ---------- -------------- -------- ---------- ---------- ---------- ----------- --------- ---------- ----  ---- ----------
06/2018 08/01/2018 CONTRIBUTIONS  CC    JL3324    8441.72   79.68 08/01/2018      0.00              CC   O      79.68
                                                                 08/31/2018   7451.00 7451          CC
                                                                 11/02/2018    990.72 9476221711 CC
07/2018 10/23/2018 CONTRIBUTIONS  CC    JM9819    6905.36   95.35 10/23/2018      0.00              CC   O    2091.43
                                                                 11/02/2018   4909.28 9476221711 CC
08/2018 10/23/2018 CONTRIBUTIONS  CC    JM9820   10638.88  133.54 10/23/2018      0.00              CC   O   10772.42
09/2018 11/19/2018 CONTRIBUTIONS  CC    JN4040    8251.74   68.90 11/19/2018      0.00              CC   O    8320.64
10/2018 11/30/2018 CONTRIBUTIONS  CC    JN4638    6971.44   29.05 11/30/2018      0.00              CC   O    7000.49
                                               ---------- ----------          -----------                    ----------
TOTALS FOR EMPLOYER 3259-0001                168651.51   2758.05            119088.20                        52321.36
```

```
12:24:20 Nov 30 2018          M I S C E L L A N E O U S   A S S E S S M E N T S   R E P O R T              PAGE 4

3259-0001 - TOTAL ELEVATOR CO                                          Zone  :
Tax ID: ████████                                                       Local : C002
                                                                       Region: R1
30W020 ESTES ST                        Interest Stop Date:             Last Audit Dates :
NAPERVILLE, IL        60563-9605       Interest Start Date:            From 03/01/2014 to 09/30/2015

                                        Asmt                 Payment    Payment    Payment
Period  Received   Remit. Type   AsmtType Refno   Amount    Interest  Date       Amount    Check #    Ind  Sts  Balance
------- ---------- --------------- -------- ----------  ---------- ---------- ---------- --------- ---------- ---- ---- ----------
GRAND TOTALS                                          168651.51    2758.05             119088.20                           52321.36
```

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : | |
| INDUSTRY PENSION, HEALTH BENEFIT, | : | |
| EDUCATIONAL, ELEVATOR INDUSTRY | : | |
| WORK PRESERVATION FUNDS, ELEVATOR | : | |
| CONSTRUCTORS ANNUITY AND | : | |
| 401(K) RETIREMENT PLAN, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| TOTAL ELEVATOR COMPANY | : | |
| and | : | |
| DELORES ESPOSITO, | : | |
| Defendants. | : | |

**COMPLAINT IN CONFESSION OF JUDGMENT**

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRUSTEES OF THE NATIONAL ELEVATOR :
INDUSTRY PENSION, HEALTH BENEFIT, :
EDUCATIONAL, ELEVATOR INDUSTRY :
WORK PRESERVATION FUNDS, ELEVATOR :
CONSTRUCTORS ANNUITY AND :
401(K) RETIREMENT PLAN, :
    Plaintiffs, :
   v. : CIVIL ACTION NO.
TOTAL ELEVATOR COMPANY :
and :
DELORES ESPOSITO, :
    Defendants. :

### AFFIDAVIT OF ROBERT O. BETTS, JR. IN SUPPORT OF PLAINTIFFS'
### COMPLAINT FOR CONFESSION OF JUDGMENT

I, Robert O. Betts Jr., Executive Director of the National Elevator Industry Pension, and Health Benefit Funds, (hereafter the "Trust Funds"), hereby declare, certify, and verify and state under penalty of perjury that the following is true and correct.

1. I am the Executive Director for the National Elevator Industry Pension, Health Benefit Plan Funds, Elevator Constructors Annuity and 401(k) Retirement Plan, and I am authorized to execute this Affidavit on behalf of the Trustees of the NEI Funds, National Elevator Industry Education Program and Elevator Industry Work Preservation Fund.

2. That the Defendant Total Elevator Company is signatory to a Collective Bargaining Agreement (hereafter the "Agreement") with the International Union of Elevator Constructors (hereafter the "Union"), and at all times relevant to this matter was bound to the Agreement

3. That on or about January 17, 2018, the Trustees entered into a Settlement Agreement for Total Elevator Company to pay $45,061.75 to resolve a contribution and interest delinquency with the NEI Benefit Plans. See *Plaintiffs' Exhibit 1*, Settlement Agreement. The Settlement Agreement requires Total Elevator Company to make monthly installments until all

amounts due in the Settlement Agreement are paid.  Total Elevator Company must also remain

current with its regular monthly contributions.  Total Elevator Company has breached the terms of

the Settlement Agreement by its failure to stay current with its regular monthly contributions

4.     Total Elevator underpaid the July 2018 contributions, which were due on August

15, 2018, the August 2018 contributions, which were due to be paid by September 15, 2018, the

September 2018 contributions, which were due to be paid by October 15, 2018, and the October

2018 contributions, which were due to be paid by November 15, 2018.

5.     Total Elevator Company also executed a Confession of Judgment, which amount

is less than the Settlement Agreement amounts because the Settlement Agreement also includes

an amount from a Judgment in Civil Action No. 16-4950 issued in the Federal District Court for

the Eastern District of Pennsylvania.

6.     A balance exists on the Confession of Judgment for the following amounts:

| | |
|---|---|
| Contributions for October-December 2017 | $11,381.03 |
| Liquidated Damages on October-December 2017 contributions | $2,276.20 |
| Interest for late payment of contributions for August to November 2017 | $398.71 |
| Additional accrued interest on audit of March 1, 2014 to September 30, 2015 | $1,356.58 |
| Local Counsel Attorney's Fees and Costs | $2,000.00 |
| Interest for late remittance of Elective Deferrals for 2/16, 3/16, 8/16 | $812.63 |
| Additional Audit accrued interest | $59.95 |
| Additional Accrued Interest | $649.88 |
| Attorney's Fees | $1,201.50 |
| Costs | $400.00 |
| The total amount due is | $20,536.48 |

7.    The liquidated damages are different from the original Confession of Judgment as the amounts included herein represent the liquidated damages on the contributions now outstanding.

8.    A true and correct copy of the Settlement Agreement and the Confession of Judgment setting forth the language regarding the Judgment by Confession is attached to the Complaint in Confession of Judgment as *Plaintiff's Exhibit 1*, Settlement Agreement; *Plaintiff's Exhibit 2*, Confession of Judgment..

Under the penalty of perjury, I declare that the statements in this Affidavit are true and correct to the best of my knowledge and belief.

Robert O. Betts, Jr., Executive Director
National Elevator Industry Benefit Plans

Subscribed and sworn to before me this 18th day of December 2018.  Barbara A Caprretti
Notary Public

Commonwealth of Pennsylvania - Notary Seal
BARBARA A CAPRETTI - Notary Public
Delaware County
My Commission Expires Jan 27, 2022
Commission Number 1220698

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : | |
| INDUSTRY PENSION, HEALTH BENEFIT, | : | |
| EDUCATIONAL, ELEVATOR INDUSTRY | : | |
| WORK PRESERVATION FUNDS, ELEVATOR | : | |
| CONSTRUCTORS ANNUITY AND | : | |
| 401(K) RETIREMENT PLAN, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| TOTAL ELEVATOR COMPANY | : | |
| and | : | |
| DELORES ESPOSITO, | : | |
| Defendants. | : | |

**COMPLAINT IN CONFESSION OF JUDGMENT**

# EXHIBIT 5

```
                                                        O'DONOGHUE & O'DONOGHUE                                    Page    1
Session  JX-ATM/131932/2                            Selected timeslips for 328 DO CAPUANO                          Date   12/12/2018
Report:  Timeslip List                                                                                            Time   10:30:22

 Work
 Record
 Effect       Session Client/Name                     Matter ------------  Recorded ------------
 Date    Trans Matter/Description                     Type   Rate Set     Hours   Rate    Value    Narrative
-------- ----- -------------------------- ---------   -----  --------    ------- ------- ------ ----  ----------------------------
10/26/18  77623 3507       NEI FUNDS COLLECTION       BIL    3507         2 50  267 00    667 50 Review status of collections,
11/01/18    87 586         TOTAL ELEVATOR             BILLED BILLABLE                            draft complaint in confession of
10/26/18       Location    PA    PHILADELPHIA, PA                                               judgment, prepare exhibits, draft
               LOCATION    PA    PHILADELPHIA                                                    correspondence to clerk

12/12/18 713145 3507       NEI FUNDS COLLECTION       BIL    3507         2 00  267 00    534 00 Draft confession of judgment,
12/12/18     0 586         TOTAL ELEVATOR             PENDING BILLABLE                           draft affidavit for confession of
12/12/18       Location    PA    PHILADELPHIA, PA                                               judgment, prepare exhibits and
               LOCATION    PA    PHILADELPHIA                                                    cover sheets for filing complaint
                                                                                                in confession of judgment

                                              Totals        4 50          1,201 50
```